FILED

DEC 28 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAULA PUENTES-SOLIS; et al., | No. 07-72254 |
| Petitioners, | Agency Nos. A098-126-424 |
| | A098-126-287 |
| v. | A098-126-288 |
| ERIC H. HOLDER Jr., Attorney General, | |
| | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009**

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Paula Puentes-Solis and her two children, natives and citizens of

Guatelmala, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Ochave v. INS*, 254 F.3d 859, 861-62 (9th Cir. 2001), and we deny the petition.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of petitioners' asylum application. *See* 8 C.F.R. § § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, petitioners' asylum claim fails.

Puentes-Solis could only speculate as to the reasons for her husband's disappearance, the anonymous threats, the attacks by local women, and a rape and injury by masked men. Therefore, substantial evidence supports the BIA's conclusion that Puentes-Solis failed to establish that these incidents occurred on account of a protected ground. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1094-95 (9th Cir. 2002) (evidence did not compel a finding of persecution on account of an imputed political opinion where petitioner offered no evidence that his family member held particular political beliefs or that attackers made any statements suggesting they attacked because of the family member's political beliefs). Accordingly, petitioners' withholding of removal claim fails. *See Ochave,* 254 F.3d at 868.

**PETITION FOR REVIEW DENIED.**